

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,985-01

**EX PARTE STEVEN CHARLES EWTON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1355716-A IN THE 351ST DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*. NEWELL, J. filed a concurring opinion joined by HERVEY, RICHARDSON, and WALKER, JJ. KELLER, P.J. filed a dissenting opinion joined by YEARY, J. SLAUGHTER, J. dissented.

## O P I N I O N

Applicant originally pleaded guilty to indecency with a child in exchange for deferred adjudication community supervision. He was later adjudicated guilty and sentenced to twenty years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because retained appellate counsel assured him that the appeal had been filed and was progressing, but failed to timely file a notice of appeal. The record reflects that appellate counsel filed a timely motion for new trial, but never filed notice of appeal on Applicant's behalf.

The trial court finds that Applicant was not prejudiced by appellate counsel's failure to file notice of appeal because Applicant had no right to appeal. The record does not support these findings, as Applicant entered an open plea of true and received the maximum sentence for the offense. Although he signed a waiver of appeal, that waiver included language indicating that this was a plea bargain case. There is nothing in the record to indicate that Applicant pleaded true pursuant to a plea bargain agreement, and the judgment adjudicating guilt reflects that he pleaded true "without an agreed recommendation." The trial court's certification of Applicant's right to appeal indicates only that he waived his right to appeal. Under *Garza v. Idaho*, even when a defendant has waived appeal, his attorney has a duty to file a notice of appeal if the defendant so requests, and there is a presumption of prejudice if the notice is not filed. *Garza v. Idaho*, 139 S. Ct. 738, 745 (2019).

Relief is granted. Applicant may file an out-of-time appeal of his conviction in cause number 135571601010 from the 351st District Court of Harris County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: OCTOBER 11, 2023
Do not publish